IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 17, 2025

**RONNIE BRADFIELD v. MARK THOMAN, ET AL.**

**Appeal from the Circuit Court for Shelby County**
**No. CT-1372-25     Cedrick D. Wooten, Judge**

_____

**No. W2025-01416-COA-T10B-CV**
_____

This is an accelerated interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B § 2.02. We have determined that the petition must be summarily dismissed due to significant failures to comply with Rule 10B. Accordingly, the appeal is dismissed.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal; Appeal Dismissed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the court, in which KENNY W. ARMSTRONG and KRISTI M. DAVIS, JJ., joined.

Ronnie Bradfield, Memphis, Tennessee, Pro Se.

Joseph D. Barton, Memphis, Tennessee, for the appellee, Mark Thoman, et al.

**OPINION**

Tennessee Supreme Court Rule 10B governs appeals pertaining to motions to recuse. The appeal is perfected by filing a petition for recusal appeal with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02.

"The party seeking recusal bears the burden of proof." *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016) (citing *Williams ex rel. Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015); *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015)). Specifically, "[a] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Id*. (quoting *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012)). This requires, *inter alia*, the timely filing of a motion in the trial court that "shall state, with specificity, all factual and legal grounds

supporting disqualification of the judge[.]" Tenn. Sup. Ct. R. 10B, § 1.01. Additionally, "[t]he motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." *Id*.

Our standard of review in a Rule 10B appeal is de novo. *See* Tenn. Sup. Ct. R. 10B, § 2.01. "De novo is defined as 'anew, afresh, a second time.'" *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011-CV-00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary*, 392 (5th ed. 1979)).

If we determine, after reviewing the petition and supporting documents, that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this court must order an answer and may also order further briefing by the parties. *Id.* Tennessee Supreme Court Rule 10B § 2.06 also grants this court the discretion to decide the appeal without oral argument. Following a review of the petition for recusal appeal, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B §§ 2.05 and 2.06.

## ANALYSIS

Ronnie Bradfield ("Petitioner") filed his petition for recusal appeal on September 16, 2025, in which he seeks the recusal of Circuit Court Judge Cedrick D. Wooten for, inter alia, alleged bias and failing to rule on his recusal motions.

The petition states that Petitioner filed two motions for recusal, one on July 14, 2025, and another on September 8, 2025; however, neither motion was filed with the petition in this recusal appeal, which is required pursuant to Rule 10B § 2.03. Also significant, Petitioner failed to file with this court the affidavits supporting the motion, which is also required pursuant to Rule 10B § 2.03.

Interlocutory recusal appeals require "meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court[.]" *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015). In pertinent part, Rule 10B states:

> 1.01. **Any party seeking disqualification**, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, **shall do so by a written motion** filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal. The motion shall be filed no later than ten days before trial, absent a showing of good cause which must be supported by an affidavit. **The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by**

**other appropriate materials.** The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

. . . .

2.03. **The petition for recusal appeal shall contain**:

(a) A statement of the issues presented for review;

(b) A statement of the facts, setting forth the facts relevant to the issues presented for review;

(c) An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities; and

(d) A short conclusion, stating the precise relief sought.

Tenn. Sup. Ct. R. 10B (emphasis added). Section 2.03 also requires that the petition be accompanied by, inter alia, "**a copy of the [recusal] motion and all supporting documents filed in the trial court**" as well as other parts of the trial court record necessary for determination of the appeal. *See* Rule 10B § 2.03 (emphasis added).

We acknowledge that Petitioner is not represented by counsel on appeal. Although "many pro se litigants have no legal training and little familiarity with the judicial system," pro se litigants must "comply[] with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (citations omitted).

As noted above, Rule 10B clearly states the recusal motion "shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials," *see* Rule 10B § 1.01, and the rule also requires that Petitioner file with this court a copy of the recusal motion along with any supporting documents filed in the trial court. *See* Rule 10B § 2.03.

We note again that interlocutory recusal appeals require "meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court[.]" *Johnston v. Johnston*, 2015 WL 739606, at *2. Yet, Petitioner failed to file with this court either of his two recusal motions, nor any affidavits or documents supporting his

recusal motions, each of which are required under Rule 10B § 2.03 and are essential components of a recusal appeal. *See Ranter v. Solomon*, No. E2025-00049-COA-T10B-CV, 2025 WL 326386, at *2 (Tenn. Ct. App. Jan. 29, 2025) (citing *Jordan v. Jordan*, No. E2024-01731-COA-T10B-CV, 2024 WL 5135834, at *3 (Tenn. Ct. App. Dec. 17, 2024) ("Petitioner has failed to file with this court an essential component of her recusal motion— the affidavit[.]") (citing Tenn. Sup. Ct. R. 10B, § 1.01). Thus, Petitioner has failed to comply with essential components of Rule 10B.

For the foregoing reasons, the petition is summarily dismissed due to Petitioner's failure to comply with Rule 10B § 2.03.

## IN CONCLUSION

This appeal is hereby dismissed, and this matter is remanded with costs of appeal assessed against Petitioner, Ronnie Bradfield.

_____
FRANK G. CLEMENT JR., P.J., M.S.